IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANDY GLENN                                                                                    PLAINTIFF

v.                                         Civil No. 4:19-cv-04001

LISA MILLS WILKIN, Revocation
Hearing Judge; STATE OF ARKANSAS;
JASON TAGGART, Parole Officer; and
TOMEKIA WILLIAMSON, Parole
Officer's Supervisor                                                                          DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Randy Glenn pursuant to 42. U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## BACKGROUND

Plaintiff filed his Complaint on January 9, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted the same day. (ECF No. 3). Plaintiff is currently incarcerated in the Arkansas Department of Correction—North Central Unit and is serving a sentence as a result of a judgment of conviction. (ECF No. 1, p. 2).

Plaintiff has named the following Defendants in this lawsuit: the State of Arkansas; Lisa Mills Wilkins—Parole Revocation Hearing Judge; Jason Taggart—Plaintiff's parole officer; and Tomekia Williamson, the parole officer's supervisor. Plaintiff claims that Defendants denied him due process and equal protection when they "filed a revocation report, and had a hearing on some charges that I had not been convicted off, sent me to prison." (ECF No. 1, p. 4). He also states,

1

"on are about, July 11, 2017 a warrant was issued for retaking my parole. I served 90 days then on August 16, 2017, charges was filed on me, on 11-16-18 over a year later I was convicted of 6 year double jeopardy." *Id.* at p. 5. Plaintiff is suing Defendants in both their individual and official capacities. He is seeking compensatory and punitive damages. *Id.* at p. 7.

## APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

**1. Claims Against the State of Arkansas**

Plaintiff names the State of Arkansas as a Defendant. However, states and state agencies are not "persons" subject to suit under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 & 70 (1989). Further, the State of Arkansas is immune from suit. "The sovereign immunity

2

of the States recognized in the Eleventh Amendment bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity." *Rush v. Perryman*, 2007 WL 2091745, at *3 (E.D. Ark. July 17, 2007) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996)). Arkansas and its agencies and officials have not consented to suit in federal court. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). Also, Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *Id*. Accordingly, the State of Arkansas is entitled to sovereign immunity and is immune from suit in this Court. Because Arkansas is immune from suit and is not a "person" subject to suit under section 1983, the Court finds that all claims against the State of Arkansas should be dismissed.

**2. Claims against Defendant Wilkins**

Defendant Wilkins is an administrative law judge who presided over Plaintiff's parole revocation proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

3

Plaintiff has failed to allege any action by Judge Wilkins that was non-judicial or taken without jurisdiction. Accordingly, Defendant Wilkins is immune from suit.

**3. Claims against Defendants Taggart and Williamson**

Defendants Taggert and Williamson are also immune from suit. Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (per curiam).

In addition, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held that "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions." *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* at 886. Thus, the Court finds that all claims against Defendants Taggert and Williamson should be dismissed.

**4. *Heck v. Humphrey***

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims are clearly an attack on the parole revocation proceedings themselves and his subsequent conviction. Plaintiff is barred from bringing such claims until his convictions are

4

invalidated by the highest state court or in a federal *habeas* proceeding.[1] *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 relating to the revocation hearing and his subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's claims regarding his confinement resulting from the parole revocation hearing and the validity of the criminal charges fail to state cognizable claims under section 1983.

## CONCLUSION

Plaintiff's claims against all Defendants are subject to dismissal because they are either frivolous, fail to state claims upon which relief may be granted, or assert claims against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Accordingly, this case is **DISMISSED WITH PREJUDICE.**

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 19th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Included in Plaintiff's Complaint are copies of a warrant for his arrest for violating the conditions of his parole and a waiver of revocation hearing (both dated July 11, 2017), a criminal information sheet dated August 16, 2017, and a sentencing order dated November 16, 2018. (ECF No. 1, pp. 8-16).